UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Stanley Robinson,**

        **Petitioner,**

v.

**United States of America,**

        **Respondent.**

Civ. No. 14-1441 (ADM/JJG)

REPORT AND RECOMMENDATION

---

JEANNE J. GRAHAM, United States Magistrate Judge

The above-captioned case is before the Court on Petitioner Stanley Robinson's petition for habeas corpus relief under 28 U.S.C. § 2241. (Pet. Writ Habeas Corpus, Apr. 21, 2014, ECF No. 1.) The Petition has been referred to this Court for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that this action be transferred to the United States District Court for the Western District of Texas.

**I.      Background**

Petitioner originally filed his 28 U.S.C. § 2241 petition in the Eastern District of Missouri on April 21, 2014. (*Id.* at 1.) He essentially claims that the district court erroneously applied § 2A2.1 of the Sentencing Guidelines after he was found guilty and sentenced to 300 months' imprisonment. J. Criminal Case 2, *United States v. Robinson*, Cr. No. 4:98-00149 (E.D. Mo. Jan. 15, 1999), ECF No. 55. On May 5, 2014, the Eastern District of Missouri transferred the petition to this District because Petitioner was confined in Minnesota. (Mem. & Order of Transfer, May 5, 2014, ECF No. 2.) Petitioner subsequently notified the Court that he had been transferred out

of Minnesota to the Reeves County Detention Center-III in Pecos, Texas. (Notice of Relocation & New Address, July 15, 2014, ECF No. 10.)

## II.   Discussion

Unfortunately, the location of this suit must change again. "The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973). Therefore, "[h]abeas corpus jurisdiction lies only when petitioner's custodian is within the jurisdiction of the district court." *United States v. Monteer*, 556 F.2d 880, 881 (8th Cir. 1977); *see also Kills Crow v. United States*, 555 F.2d 183, 189 n.9 (8th Cir. 1977); *Gravink v. United States*, 549 F.2d 1152, 1154 (8th Cir. 1977); *McCoy v. U.S. Bd. of Parole*, 537 F.2d 962, 964 (8th Cir. 1976); *Lee v. United States*, 501 F.2d 494, 501 (8th Cir. 1974). For habeas corpus purposes, the term "custodian" normally means the official in charge of the facility where the petitioner is detained. *McCoy*, 537 F.2d at 964.

Applying these principles here, it is readily apparent that Petitioner's present habeas corpus petition cannot be entertained in this District. Petitioner's current custodian, the chief administrative official at the Reeves County Detention Center-III, is located in Pecos, Texas. Neither Petitioner nor his custodian is located in Minnesota, and, for that reason, the United States District Court for the District of Minnesota does not have jurisdiction in this matter. *See Dyer v. United States*, 23 F.3d 1424, 1426 (8th Cir. 1994); *United States v. Hutchings*, 835 F.2d 185, 186-87 (8th Cir. 1987).

While this action could be dismissed (without prejudice) for lack of jurisdiction, the Court finds that the interests of justice would be better served by transferring this recently filed matter to the proper district—to wit, the Western District of Texas—pursuant to 28 U.S.C.

§ 1631.[1] Because that district has jurisdiction, it can properly decide Petitioner's claim. The Court therefore recommends that the Clerk of Court be directed to transfer this case to the Western District of Texas.

### III.     Conclusion

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that the Clerk of Court **TRANSFER** this case to the United States District Court for the Western District of Texas.


Dated: August 18, 2014                        *s/Jeanne J. Graham*

                                              JEANNE J. GRAHAM
                                              United States Magistrate Judge


### NOTICE

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 4, 2014**. A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.

---

[1] 28 U.S.C. § 1631 provides that:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.